# Hubbard v. The State.

## *Larceny.*

(Decided June 30, 1915.    69 South. 225.)

1. *Larceny; Facts Constituting.*—The felonious taking and carrying away of the personal property of another with the intent to convert it to the use of the taker, or to deprive the owner thereof, is larceny.

2. *Same; Evidence.*—Where defendant told the owner that he had seen the owner's animal over in the flatwoods, and in company with another, the owner drove the animal to defendant's place, and put it in defendant's lot, there was no taking by defendant of the animal, and he was entitled to a directed verdict.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Frank Hubbard was convicted of larceny, and he appeals. Reversed and remanded.

[Hubbard v. The State.]

BONNER & MILLER, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

BROWN, J.— (1) Larceny is the felonious taking and carrying away of the personal property of another, with the intent to convert it to the use of the taker or deprive the owner thereof.—*Higgs v. State*, 113 Ala. 36, 21 South. 353. There must be a taking and asportation without the consent of the owner and with the intent to divest his ownership, and these must concur to constitute the offense.—*Fort v. State*, 82 Ala. 50, 2 South. 477.

(2) The undisputed evidence in this case shows that, if there was a taking, it was by the defendant Newberry, and not by the appellant in this case, and that Newberry took the property openly under claim of ownership. There is no proof that the appellant had anything to do with the taking of the property, aside from the fact that he told Newberry that he (appellant) had seen his (Newberry's) animal in the flatwoods. The evidence shows that after this Newberry and another, not appellant, went to the flatwoods and drove the animal to the appellant's place and put it in the lot; that Newberry and the appellant lived in the same house together. The jury acquitted Newberry, but returned a verdict of guilty as to this appellant.

On the undisputed evidence, we are of opinion that the affirmative charge requested by appellant should have been **given**.

Reversed and remanded.