**402**

56 So.2d 789

**MEADOWS et al. v. STATE.**

5 Div. 342.

Court of Appeals of Alabama.

Jan. 15, 1952.

Rehearing Denied Feb. 5, 1952.

Powell & Powell, Tuskeegee, and L. H. Walden, Montgomery, for appellants.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, of counsel, for the State.

CARR, Presiding Judge.

Columbus Meadows, John W. Banks, and Albert Upshaw were jointly indicted for grand larceny and receiving stolen property. The former offense was charged in the first count of the indictment and the latter in the second.

The three indictees were tried jointly. Meadows and Banks were convicted of grand larceny, and Upshaw was acquitted of both offenses.

The evidence is not in conflict in respect to the prime question presented for our review.

Archie Dick was pasturing some of his cattle near the farm of John Banks. Six

head of these cows got out of the pasture and were found in Bank's field destroying the growing crops. Banks drove the cows out of the field and enclosed them in a pen near his home.

Soon thereafter Dick was advised about the detention and why they were detained.

Some effort was made to make adjustments for the damage to the crops. The parties failed in this attempt, and the cows remained in the pen in Banks' possession for about thirty days.

At the expiration of this time Banks engaged appellant Meadows to truck the cows to Montgomery for the purpose of selling them. The cattle, loaded, in Meadow's truck, were found in Upshaw's garage. It appears that some repairs were needed to the truck before the trip to Montgomery could be continued.

The property was seized by the officers and claimed by the owner.

Banks gave in his testimony this reason for attempting to sell the cows: "It seemed to me like he didn't want them and I was selling them to get some damages for my corn they eat up."

 Larceny is the felonious taking and carrying away of personal property of another with intent on the part of the taker to convert it to his own use, or to deprive the owner thereof. The offense involves a trespass on the possession of another. Ludlum v. State, 13 Ala.App. 278, 69 So. 255; McKinney v. State, 12 Ala.App. 155, 68 So. 518; Kramer v. State, 16 Ala.App. 456, 78 So. 719; Weldon v. State, 17 Ala.App. 68, 81 So. 846.

If a person acquires the possession of personal property tortiously, and thereafter forms the intent and executes the purpose to convert it, he may be guilty of larceny. King v. State, 15 Ala.App. 67, 72 So. 552; Weaver v. State, 77 Ala. 26; Dozier v. State, 130 Ala. 57, 30 So. 396.

In the case of King v. State, supra, this court had occasion to pronounce the rules of law which have application to the case as bar. It may be noted that it was declared in the King case that the question of intent under the evidence was for the jury.

A full delineation of the facts does not appear in the opinion. We have the original court record before us. There are factual issues appearing from which the offense of larceny could have been inferred.

In the instant case the proof is wholly lacking in this respect. Under the circumstances which appear without dispute, the appellant Banks had a legal right to take possession of the cows. His act in doing so cannot be said to be tortious. The owner of the property was advised of the detention and for about thirty days knew where the cows were and why they were detained.

We are clear to the conclusion that the general affirmative charge requested by appellants Banks and Meadows should have been given because of the failure of the proof to establish the corpus delicti. Authorities supra. See also, Jeffries v. State, 7 Ala.App. 144, 62 So. 270; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L.R.A., N.S., 536; Hubbard v. State, 13 Ala.App. 250, 69 So. 225.

The judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.