76 So.2d 349

**Warren Theodore LANDRUM**

v.

**STATE.**

**6 Div. 759.**

Court of Appeals of Alabama.

Dec. 7, 1954.

Richard O. Fant, Jr., Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., Wm. H. Sanders, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant, Warren Theodore Landrum, was convicted of the offense of grand larceny and was sentenced to a term of three years in the penitentiary. By agreement, defendant was tried jointly with one Thomas G. Burks, who was separately indicted and charged with the same offense, and separate verdicts were rendered.

The State's evidence was to the effect that on October 12, 1952, a 1951 Mercury sedan automobile, of the value of $2,000, was taken from the premises of the owner, George W. Christian, at Northport, without his knowledge or consent.

Three State's witnesses, from a service station across the street, saw two men loitering near the Christian home. Shortly thereafter one of the men backed the car into the street, picked up his companion, and drove west on highway 82. Two of these witnesses identified one of the defendants in court as the driver of the car. Two miles down the highway the Mercury skidded into a ditch. Six witnesses testified they saw the accident and that two men ran from the car and hid in a cornfield where they were apprehended by officers summoned to the scene. Five of these witnesses positively identified Landrum and Burks as the occupants of the wrecked automobile and the sixth testified in his best judgment they were the occupants. All six of these witnesses testified there were only two men in the car.

Appellant did not testify in the case. Defendant Burks took the stand and testified that he and Landrum were hitchhiking on highway 82 at a place called Bob's Trading Post in Northport when a stranger in a black Mercury automobile offered them

86

a ride. After the accident occurred the driver jumped out and ran toward an old planer mill in the vicinity and the witness and Landrum walked a short distance down the road and hid in the cornfield. This witness' testimony was corroborated in part by a taxicab driver who testified he drove the defendants from the Trailways bus station to Bob's Grocery; a man who testified he drove by and saw the two men standing on the corner at Bob's Trading Post and that Landrum came to his car and was talking with him when the Mercury stopped and picked them up; and by a third witness who testified he saw the accident, noticed three men in the car and saw the driver jump out and run toward the planer mill and recognized Landrum and Burks as the other two men in the car.

The appellant contends the State has failed to prove the corpus delicti and to prove the guilty agency of the accused.

"The corpus delicti in larceny is constituted of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking." 32 Am.Jur., Larceny, Sec. 121, p. 1033; Pate v. State, 36 Ala.App. 688, 63 So.2d 223.

And "every person who, with a guilty knowledge, aids, and abets in the taking and carrying away, is guilty of the larceny * * *." Morris v. State, 17 Ala.App. 126, 82 So. 574, 575.

The facts and circumstances testified to were sufficient, if believed by the jury, to prove the corpus delicti and the guilty agency of the defendant, although he was not shown to have been the driver of the automobile.

The evidence in the case presented a question for the jury and was amply sufficient to sustain the judgment of conviction. Therefore, there was no error in the overruling of the motion to exclude the evidence, the refusal of the general affirmative charge, nor the denial of the motion for a new trial.

Affirmed.