272 So.2d 603

**James Dolphus ARMSTRONG**

v.

**STATE.**

**8 Div. 287.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

James F. Hinton, Gadsden, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was indicted for robbery, tried and convicted for grand larceny and sentenced to imprisonment for ten years.

At the conclusion of the State's testimony the appellant moved to exclude the evidence, because the State had not made out a prima facie case. The court overruled the motion.

As a background for our consideration of the Court's ruling on the motion, we set out a brief statement of the testimony adduced by the State as follows: on the morning of February 2, 1968, at about 11:30 a. m. Earl Bice, who was manager of the Kwik-Chek Store in Huntsville, Alabama, started to go into his office there

to get some change, when two men appeared, one of them stuck a gun in his side and pushed him into the office, told him to open the safe, which he did, and they took about $10,000 therefrom, put it in a basket with a cloth thrown over it, and with each holding to one side of the basket they left the store through the front door; that during this time, the appellant appeared near one of the check-out counters where the following conversation occurred with State's witness Revel, a check-out clerk:

"A I knew what was happening. So I was going to call the police. As I walked by this man—I said, 'Good morning. How are you?'

"MR. HINTON: May it please The Court, we can't hear what this witness is saying.

"THE COURT: Speak up so counsel can hear you.

"A Well, as I walked by this man—

"Q By what, please, ma'am, by this man?

"A By this man, right. I said, 'Good morning, sir. How are you?' He said, 'I'm fine. Just stand right there and don't go anywhere and you will be, too.'"

The clerk was with appellant during the time the two others were in the manager's office, and when they came out and left the store appellant joined them and left with them. Witness Revel together with another clerk, Robert Jones, went outside of the store immediately, saw a car leaving with appellant and the others in it and took the tag number; Mrs. Revel later viewed pictures shown her by the police at Gadsden, the home of the appellant, and picked his picture out of many as the one she had seen on the morning of the occurrence in the store and she identified him at the trial; Robert Jones who was on the outside of the store at the time saw three men with a basket leave the store and get in a car driven by another and drive away. Neither he nor Mr. Bice, the manager, could identify the appellant.

Appellant offered evidence tending to prove an alibi, and the case was properly submitted to the jury.

■ Under an indictment for robbery, there may be a conviction for assault with intent to rob, for larceny, etc. ——————— Robertson v. State, 24 Ala. App. 237, 133 So. 742; Rickard v. State, 44 Ala.App. 281, 207 So.2d 422. (Cases collected in Alabama Digest, Volume 12, Indict. & Inf. ☞191(9).)

■ Larceny is generally defined as the felonious taking and carrying away of personal property of another with intent on the part of the taker to convert to his own use, or to deprive the owner thereof. Meadows v. State, 36 Ala.App. 402, 56 So. 2d 789.

In Travis v. State, 32 Ala.App. 637, 29 So.2d 359, this court said, " 'larceny' is the felonious taking and carrying away of chattels, and every person who, with a guilty knowledge, aids, and abets in the taking and carrying away, is guilty of larceny." Also Landrum v. State, 38 Ala. App. 85, 76 So.2d 349.

On the question of aiding and abetting in the commission of a crime, this court said in the late case of Gibson v. State, 49 Ala.App. 18, 268 So.2d 49, the following: "when two or more persons enter upon an unlawful enterprise, with a common purpose to aid, advise, or encourage each other in whatever may grow out of the enterprise, each is liable for whatever may consequently and proximately result if the acts done by one were within the purview of the common design * * *."

"The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting; and it has also been held that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred."

■ In brief, counsel for the appellant insists that the State failed to make out its case under the required rules and that the court erred in overruling the motion to exclude the evidence and discharge the defendant. We cannot agree with this contention, for in our opinion the evidence adduced by the State did present a prima facie case for the consideration of the jury, along with the other testimony in the case.

We have examined the record for error prejudicial to the substantial rights of the appellant, and finding none, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.