278 So.2d 247

**Emmory Bennett TWITTY**

v.

**STATE.**

**8 Div. 239.**

Court of Criminal Appeals of Alabama.

May 8, 1973.

ty: Jackson asked, "Bennett, what can I do for you?" He answered, "I want to talk to you a little bit." Jackson then asked, "What do you want to talk about?" He answered, "I want some money, I want twenty dollars." Jackson then said, "Bennett, I ain't got no money." The man then drew back at Jackson and said, "Yes you have, you and your wife have got plenty money and I know it and I am going to get twenty dollars off of you." Jackson then told him that he only had five dollars and proceeded to take his snap pocketbook out of his pocket whereupon the man grabbed Jackson's hand, opened the pocketbook and jerked the five dollars out. He then left the house through the back door.

Jackson further testified that Bennett Twitty threatened to knock him out if he refused to give the money to him. Jackson also testified that he hollered for help, but that he was not scared.

As Twitty left the house, Jackson went outside where he saw a neighbor, Shirley Vaughn, and a Mrs. Christine Skaggs, standing in Shirley Vaughn's yard near Jackson's back door.

Shirley Vaughn testified that she was a next-door neighbor to Jackson, and that the back of her house was only about 10-15 steps from his back door. She was talking to Mrs. Skaggs on the evening in question when she saw Bennett Twitty come through the back gate leading to Jackson's house. He staggered across the yard to the back door. The wood door was open but the screen door was fastened. He knocked on the door several times. He then took hold of the screen door at the top, jerked it open and went into the house. He remained in the house about ten minutes then came out the same door, through the back gate and down the alley. As he left the house, he was walking pretty fast across the yard. Jackson came out after him and told her and Mrs. Skaggs what had happened.

Shirley Vaughn testified that she had known Bennett Twitty quite a few years

---

John R. Barnes, Florence, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

KENNETH F. INGRAM, Circuit Judge.

Appellant was indicted for the offense of robbery; tried and convicted of grand larceny and sentenced to imprisonment for seven years. It is from that judgment and sentence that this appeal is brought.

The State's evidence shows that on August 25, 1971, at about 6:00 p. m. Thomas M. Jackson, a 91-year old man, was sitting alone in the front room of his house in Florence, Lauderdale County, Alabama, when a man came into the house through the back door and into the front room where he approached Jackson. The man appeared to have smut or grease on his face and arms and he looked "right greasy" like he had been working on a car. Jackson testified that he immediately recognized the man as Bennett Twitty. The following then took place between Jackson and the man he identified as Bennett Twit-

and that he presently lived on the same block with her and Jackson.

The Florence police were called. Detectives James Tripplett and James Rochester went to appellant's home and arrested him at about 8:00 p. m. He was informed of what he was being arrested for. On the way to the police station, Twitty took a five dollar bill from his shirt pocket wadded it up and put it down in a position by his leg. Detective Rochester saw this and took the five dollar bill from him.

Two witnesses were called by the defendant. The first, Leon Pickens, testified that Jackson had accused him "last Friday" of robbing him. Buford Chambers was the second witness called by the defendant. His testimony was that Bennett Twitty had asked to borrow five dollars from him and that he had let him have a five dollar bill on the day of the robbery.

Appellant claims that there was not sufficient evidence to convict the appellant of grand larceny.

The sufficiency of the evidence to support a conviction is not before this court since the affirmative charge was not requested in the lower court. No motion was made to exclude the State's evidence, and no motion was made for a new trial after the verdict. Mims v. State, 23 Ala. App. 94, 121 So. 446; Sharp v. State, 21 Ala.App. 262, 107 So. 228.

The definition of grand larceny is covered in Title 14, Section 331, Code of Alabama, which states in pertinent part:

"Any person who steals . . . any personal property of the value of five dollars or more from the person of another . . . shall be guilty of grand larceny, and, on conviction, shall be imprisoned in the penitentiary for not less than one nor more than ten years."

It is familiar law in this State that a jury can properly return a conviction of grand larceny under indictment for rob-bery because larceny is a lesser offense which is included in the greater offense of robbery. Autrey v. State, 15 Ala.App. 574, 74 So. 397; Robertson v. State, 24 Ala. App. 237, 133 So. 742; Armstrong v. State, 49 Ala.App. 396, 272 So.2d 603.

Appellant made no exception to the court's oral charge to the jury.

We have considered the entire record under Code of Alabama 1940, Title 15, Section 389, and conclude that the judgment below is due to be affirmed.

The foregoing opinion was prepared by Hon. Kenneth F. Ingram, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended, and the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.