316 So.2d 713

**Willie Frank JONES**

**v.**

**STATE.**

**6 Div. 967.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

No brief from appellant.

William J. Baxley, Atty. Gen., and William A. Davis, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was indicted and tried for robbery. The jury returned a verdict finding him guilty of grand larceny. The court fixed his punishment at five years in the penitentiary. At arraignment and throughout the trial appellant was represented by employed counsel. He pleaded not guilty. Appellant is not an indigent. He is not represented by an attorney on this appeal.

This is a strange case in many ways. No useful purpose can be served by reciting the evidence in detail.

The victim testified that he went to the Arab Stockyards located in Cullman County on July 20, 1973, intending to buy some cattle. After being at the sale barn for a few minutes he got in his pickup truck and drove to the Security Bank and Trust Company in Arab, Marshall County, Alabama, to cash a check for $4,000. The bank was closed but he knocked on a side door and Mr. O. B. Cochran, a Vice-President of the bank, opened the door and let him in. As the victim walked in the door of the bank, another man walked in immediately behind him. The victim did not know and had never seen the man who entered the bank behind him. Mr. Cochran assumed the man was with the victim. The victim subsequently learned this man was Robert Jacques. Jacques sat on a bench in the bank and observed the victim cashing a check. Before the check transaction was completed Jacques asked a security man at the bank to let him out as he had to go some place and the security man opened the door and Jacques walked out of the bank.

The victim got four thousand dollars from the bank in the form of four packs of ten one-hundred dollar bills. At this time the victim had $75.00 in his billfold, but he put the $4,000.00 in his right front pants pocket. He got in his truck and returned to the Arab sale barn in Cullman County. He parked his truck about 300 yards from the barn. He started walking toward the barn and four men—two Negroes and two whites—grabbed him and carried him behind a big cattle truck. According to his testimony a Negro by the name of Algie Harris held him by his left hand and Jacques took the four thousand dollars out of his pocket and removed the $75.00 and gave him back his billfold. Jacques then gave all the money to the other Negro who ran with the money. The victim repeatedly asked the men not to take his money but they forcibly took it anyway. The victim ran after the man to whom Jacques gave the money but was unable to catch him. He further testified that he had never seen any of these men before the day they took his money except for seeing Jacques at the bank when he cashed the $4,000.00 check.

The victim got in his truck and drove to the Arab Police Department to report the robbery. Some few days later an officer brought him a stack of photographs or mug shots, and he identified appellant as the Negro to whom Jacques gave the money. He also made a positive in-court identification of appellant as the man who ran away with his money.

Appellant testified in his behalf and denied that he was at the Arab sale barn on the day of the robbery and he knew nothing about it.

The state put on the stand two witnesses who testified that they saw the victim at the sale barn on the day in question and also saw appellant at the sale barn on the same day that the victim was robbed. One of the witnesses said he saw appellant talking to Jacques and this was about twenty to thirty minutes after he saw the victim. Both witnesses positively identified appellant at trial.

Appellant produced several witnesses who testified that the victim lost his money in a "shell game" and that he was not robbed. That he entered into the gambling game voluntarily and just lost his money. These witnesses were professional gamblers and were asked to explain the "shell game" and they testified that the game is played with three tops and a small sponge. The sponge is placed under one of the tops in the presence of all participants in the game and the tops are moved around. The man running the game then takes bets as to which top the sponge is under. When all bets are made, the tops are picked up and the one the sponge is under wins the money if he chose that particular top and all who picked out the other tops lose their bets. These witnesses testified that the victim bet all of his money on one top and when that top was picked up the sponge was not under it, and he lost four thousand and seventy-five dollars. All of these witnesses testified that appellant was not at the Arab sale barn on the day of the alleged robbery.

The state called the victim on rebuttal and he testified that he did not gamble and had never played a gambling game. He denied ever seeing any of the witnesses who testified that he participated in the "shell game." He again testified that Harris held his left arm while Jacques took the money from his pocket and billfold and gave it to appellant, and then returned his billfold to him.

Alibi evidence is always a jury question in a criminal prosecution. *Price v. State,* 53 Ala.App. 465, 301 So.2d 230.

In *Twitty v. State,* 50 Ala.App. 246, 278 So.2d 247, this court said:

"It is familiar law in this State that a jury can properly return a conviction of grand larceny under indictment for robbery because larceny is a lesser offense which is included in the greater offense of robbery. *Autrey v. State,* 15 Ala. App. 574, 74 So. 397; *Robertson v. State,* 24 Ala.App. 237, 133 So. 742; *Armstrong v. State,* 49 Ala.App. 396, 272 So.2d 603."

Conflicting evidence presents a question for the jury as to the guilt of the defendant. *Morris v. State,* 47 Ala.App. 132, 251 So.2d 629.

There was no motion to exclude the state's evidence; there was no motion for a new trial; there was no request for the affirmative charge and no exceptions were reserved to the oral charge of the court. In this posture of the record nothing is presented for review by this court. *Eady v. State,* 48 Ala.App. 726, 267 So.2d 516; *Grant v. State,* 46 Ala.App. 232, 239 So.2d 903; *Robinson v. State,* 46 Ala.App. 684, 248 So.2d 583.

The jury rendered its verdict on May 15, 1974, and the sentence of five years in the penitentiary was imposed on the same date and appellant gave notice of appeal in open court. On August 26, 1974, appellant withdrew his notice of appeal and applied for probation. On September 24, 1974, the court denied probation but on motion of appellant and his counsel the sentence was reduced from five years to three years.

There was no motion for a new trial filed within 30 days from the judgment of

conviction on May 15, 1974. Therefore the trial court had lost all jurisdiction over this case at the time he attempted to reduce the original sentence from five years to three years.

We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed but this cause is remanded to the trial court to reinstate the five-year sentence imposed on appellant on May 15, 1974.

Affirmed: Remanded for proper sentence.

All the Judges concur.