325 So.2d 517

**Evelyn WOODS**

v.

**STATE.**

**8 Div. 661.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Application for Rehearing Stricken
Dec. 16, 1975.

1

**2**

No brief for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

The grand jury of Lauderdale County returned a two-count indictment against appellant, (1) grand larceny and (2) buying, receiving and concealing stolen property. At arraignment, in the presence of retained counsel, she pleaded not guilty. She waived a jury trial after having her rights explained to her by the trial judge and her lawyer. The record reflects she made an intelligent waiver of a jury trial. At the conclusion of the trial the court found her guilty on both counts of the indictment and sentenced her to one year and one day in the penitentiary. She gave notice of appeal and requested that sentence be suspended pending appeal. This request was granted and bond was fixed at $1,500.-00. She made known to the court that she was indigent and sought a free transcript. After a hearing she was found to be indigent and a free transcript was furnished her. Her retained counsel did not file a brief on appeal.

There is no conflict in the evidence. Appellant did not testify nor did she offer any testimony in her behalf.

The first witness called by the state was Barbara Austin who testified that she was an employee of the Piggly Wiggly Grocery Store in Killen, Lauderdale County, Alabama. She stated she worked at the check-out counter in the store. She said that there were three check-out counters in the store but that she was working at the only check-out counter in operation at the time she saw two women enter the store. They were each carrying a purse when they entered the store. She further testified that a few minutes later she saw both women leaving the store and they were each carrying two packages under their arms. She stated they did not come through the check-out counter when they left the store. Mrs. Austin tried to stop the two women by calling out to them but it was too late to stop them. She went to the door of the store and saw them driving away in a blue-grey car but she was unable to get the car tag number. She stated both of these women had been in the store at least twice during the same week and she was within five feet of them and could never forget their faces. She testified that on the occasion in question appellant had on a sleeveless dress and her companion was wearing a maternity top. The cases against both women were, by agreement, consolidated for trial. Mrs. Austin made a positive in-court identification of both women.

Mrs. Austin further testified that the cartons of cigarettes that were sold at the Piggly Wiggly in Killen had a stamp on them saying, "Killen, Alabama," and each carton was so stamped with a wide magic marker. Mrs. Austin said she knew this was true as she worked with the cigarette counter.

Mrs. Mary Kathryn Broadfoot testified that she was a customer in the Piggly Wiggly store in Killen, Alabama on the day in question. She stated that two women went in the store just ahead of her. She said the blonde headed lady came around the counter with two cartons of cigarettes under her arm. Mrs. Broadfoot further testified that when she went through the check-out counter to pay for her groceries, she looked up and the two ladies she identified as the two defendants were going out of the supermarket with two sacks under their arms.

Mr. Kenneth Aday, Chief of Police of Killen, Alabama, was called to the store

immediately after the two women left the store without paying for the packages they carried from the store. He got a description of the women from Mrs. Austin and the color of the automobile they were driving. He put out a radio broadcast for the suspects. Two days later, August 18, 1974, he was called to Russellville, Alabama, to investigate the possibility that the two suspects might be in Russellville. Mr. Aday encountered the two suspects at "Scottie's Hamburger Place" on Highway 43 in Russellville. He testified that he saw two packages in plain view on the back seat of the car in which the two suspects were sitting. One of the packages was torn and he could clearly see that cartons of cigarettes were in the package. The officer obtained the consent of the co-defendant Barbara Hall to search the car, and he obtained a package with three cartons of cigarettes contained therein. He advised Mrs. Hall she could refuse to let him search without obtaining a search warrant. She told him she had nothing to hide and got out of the car and opened the trunk of the car and otherwise helped him conduct a search of the car. The cigarettes the officer seized had the stamp, "Killen, Alabama" placed on the cartons. Both women then and there spoke up and said they had never been to Killen or Lauderdale County. The officer did not place the women under arrest or restrain them in any way. Later he obtained arrest warrants for both women.

Don Burleson, the owner of the store at Killen, Alabama testified that at the end of the day the women left his store with the packages, he took an inventory of the cigarette counter and found he was short $58.-43, which amounted to twelve cartons of cigarettes.

When the state rested, appellant made a motion to exclude the state's evidence on the ground the state failed to make out a prima facie case. This motion was overruled and denied.

Under $\overline{Young}$ v. State, 283 Ala. 676, 220 So.2d 843, there was no error in overruling and denying the motion to exclude the state's evidence.

Larceny is the felonious taking and carrying away of personal property of another with intent on the part of the taker to convert it to his own use, or to deprive the owner thereof. The offense involves a trespass on the possession of another. Meadows v. State, 36 Ala.App. 402, 56 So. 2d 789; Armstrong v. State, 49 Ala.App. 396, 272 So.2d 603.

Loss of property by felonious taking may be proved by facts and circumstances as well as by direct and positive evidence, and if the evidence affords an inference that larceny has been committed, its sufficiency is for the jury—in this case, for the court. Jones v. State, 51 Ala.App. 570, 287 So.2d 886.

Courts throughout the country have consistently held that searches are constitutionally permissible when executed with the owner's consent. Securing a search warrant is wholly unnecessary when consent to search has been freely given. Hernandez v. State, 50 Ala.App. 558, 280 So.2d 831; Payton v. State, 47 Ala.App. 347, 254 So.2d 351.

We find no error in the record and the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.