Appellant was put to trial on a two-count indictment purportedly charging grand larceny and buying, receiving, and concealing stolen property. The trial court charged out the second count stating: "I instruct you that count two does not apply to the trial of this case."
Omitting the formal parts count one reads as follows:
 "The grand jury of said county charge that, before the finding of this indictment, Clara Davidson, whose name is to the Grand Jury otherwise unknown, feloniously took two hundred dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown, the personal property of Charles David Neese, against the peace and dignity of the State of Alabama."
The jury returned the following verdict:
 "We the jury find the defendant guilty of grand larceny as charged in the indictment and fix the value of the stolen property at two hundred dollars."
Thereupon the Court sentenced appellant to imprisonment in the penitentiary for a term of three years.
It will be noticed at once that the count upon which appellant was convicted omits the words, "and carried away."Asportation is an essential element of the offense of grand larceny and its omission renders the indictment fatally defective and will not support the judgment of conviction even though no objection, by way of a demurrer, was raised to the count in the lower court.
We thought that, perhaps, there was an error in the transcription of this count in the record and requested the Clerk of this Court to call the Circuit Clerk's Office in Birmingham and read to her the original indictment. This was done and the words "and carried away" are not in the original indictment.
Larceny is generally defined as the felonious taking and carrying away of personal property of another with intent on the part of the taker to convert to his own use, or to deprive the owner thereof. Meadows v. State, 36 Ala. App. 402,56 So.2d 789; Armstrong v. State, 49 Ala. App. 396, 272 So.2d 603. *Page 685 
Exactly one hundred years ago Justice Stone in the case ofRountree v. State, 58 Ala. 381, held the following indictment to be defective:
 "The grand jury of said county do further charge that, before the finding of this indictment, Jim Rountree, Monday Rountree, Neil Asbury, John Isaiah, and Aaron Lampley, feloniously took and carried _____ one bale of lint cotton, of the value of fifty dollars, the personal property of a person, whose name is to the grand jury unknown," etc.
Justice Stone pointed out that the word "away" was omitted and this omission rendered this count in the indictment bad.
Where an indictment does not on its face charge any offense it is the duty of this Court to take note of such defect and declare that it will not support a judgment of conviction despite the absence of any attack on it in the lower court.Mehaffey v. State, 16 Ala. App. 99, 75 So. 647; Brown v. State,32 Ala. App. 246, 24 So.2d 450; Raisler v. State, 55 Ala. 64;Emmonds v. State, 87 Ala. 12, 6 So. 54; Dowdy v. State,22 Ala. App. 514, 117 So. 489; Likos v. State, 28 Ala. App. 231,182 So. 81.
In all fairness to the Circuit Judge who tried this case, and we say without fear of contradiction that he is one of the most distinguished judges to grace any bench, we should point out that the defective indictment was not brought to his attention. Nevertheless, under the cited authorities we are bound to notice it.
We do not consider it necessary to notice any other questions raised on this appeal.
The learned trial judge fully comprehended that asportation is an essential element of the crime of larceny. In his oral charge to the jury he said:
 "Now, larceny is the felonious taking and carrying away of the personal property of another, including money, with the fraudulent intent to convert it to the use of the taker or some other person. Larceny involves the trespass upon the property of another and is the felonious taking and carrying away of the property of another with the intent to deprive an owner of the use thereof. To constitute larceny, there must be both the taking and the carrying away
of the property of another, that is, the securing of dominion or absolute control over the property. The carrying away is the removal of it from the place where it was used before it was taken. The mere taking alone or the mere carrying away alone of the property is not larceny." (Emphasis supplied).
The prosecution in this case was begun by the issuance of an arrest warrant based upon an affidavit alleging that Clara Davidson did falsely pretend to Charles David Neese, with intent to defraud, that she had possession of a dwelling house located at 408 13th Terrace N.W., Jefferson County, Alabama, and she wanted to rent this house to someone and by means of such false pretense, obtained from the said Charles David Neese $200.00 in United States currency.
Neese testified that he was originally from Opelika and had moved to Birmingham and was looking for a house to rent. He answered an ad in a local newspaper and when he called the telephone number he got an answering service and left his number. A woman called him and they agreed to meet at a Bonanza Steak House. When this appellant met Neese at the steak house, she introduced herself as Sue Hill. They transacted business necessary for Mr. Neese to rent the house that was advertised in the newspaper and he paid appellant $200.00 in cash and got a receipt. A contract was introduced in evidence which was signed by Neese and "Sue Hill." Prior to signing the lease contract Neese had visited the premises and found that it was empty. After signing the so-called lease contract and paying appellant $200.00, he returned to the premises on January 6, 1975, and found five couples present and all were trying to move into the house. Neese then called the Sheriff's Department.
If there are further proceedings in this case attention is called to the case of Latham v. State, 56 Ala. App. 234,320 So.2d 747. *Page 686 
For the error noted this case is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.