HARRIS, Presiding Judge.
Appellant was jointly indicted with Horace Eugene Williams for the offense of grand larceny. A severance was granted, and appellant was tried and convicted. The court sentenced appellant to ten years imprisonment in the penitentiary. He was represented by court-appointed counsel and at arraignment pleaded not guilty. After sentence was imposed appellant gave notice of appeal. He is in this court with a free transcript and trial counsel was appointed to represent him on appeal.
The evidence presented by the State is undisputed. Appellant did not testify nor was any testimony offered in his defense. At the conclusion of the State’s case appellant made a motion to exclude the evidence on the ground the State failed to make out a prima facie case.
Thomas Efurd lived in the small community of Avon in Houston County, Alabama, and was the owner of a grocery store. He was doing business under the name of Efurd’s Dixie Dandy. On September 7, 1978, appellant and Williams entered his store shortly after 3:00 p. m. Efurd was at the cash register when the men entered the store. He observed the men walking around in the aisles of the store, and he went to the market and started working.
Around 10:00 a. m. on September 7,1978, Mr. Efurd filled the cigarette display rack to capacity with different brands of cigarettes in cartons. The Town of Avon had a two cents tax per pack on all cigarettes sold in the town. Mr. Efurd had a Monarch pricing machine which he used to stamp each package of cigarettes and no other store in Avon used such a stamping machine.
While Mr. Efurd was in the market he looked around and saw Williams at the cigarette rack and he observed him bending *990 over, standing back, and looking around. Mr. Efurd left the market and as he was walking toward the cigarette rack Williams asked him the price of a certain brand of cigarettes. Before Mr. Efurd could answer, Williams said, “Never mind, I see the price.” Williams then walked out of the store. Appellant left the store before Williams did. Mr. Efurd went to the cigarette rack and immediately noticed that at least fifteen cartons of cigarettes were missing. He had last checked the rack between 12:00 and 1:00 and there were no cartons missing.
Mr. Efurd was informed that the two men had driven away in a two-toned blue Oldsmobile Ninety-Eight. He got in his car and drove east on Highway 84 in an effort to overtake the men. Ten minutes later he found the men parked in the Piggly Wiggly parking lot in Ashford, Alabama. Appellant was in the driver’s seat and Williams was on the passenger side. The two men started driving east on Highway 84 and Mr. Efurd followed them. They had to stop for a traffic light and Efurd got the tag number of the “98” Oldsmobile. It was a Florida tag number — CUK-292. He went to the Ashford police and reported the incident, giving them a description of the automobile and the tag number.
Mr. Efurd then returned to his store to get a more accurate accounting of the missing cartons of cigarettes. He determined that seventeen cartons were missing — two cartons of Camels, six cartons of Salems, and nine cartons of Kools. Mr. Efurd stated that $4.99 was marked on each carton with the Monarch pricing device and that the fair market price of the missing cigarettes was approximately $85.00.
Mr. Efurd further testified that, about one hour after he returned to his store, the police notified him the two men had been apprehended. He went to the station house the next morning to identify and pick up his cigarettes. He identified his cigarettes by the Monarch price stamp and the Avon tax stamp on them.
Mr. Jerry Godby testified that he was the Sheriff of Seminole County, Georgia, and that on the afternoon of September 7,1978, he received information from the authorities of Houston County, Alabama, to be on the lookout for a blue Oldsmobile and he was given the tag number. Sheriff Godby stopped the described automobile on Highway 84 a few minutes after 5:00 Georgia time. When he stopped the car the driver got out. He identified the driver as appellant and said that Williams was seated in front on the passenger side. The sheriff gave both men the Miranda rights and warnings and told them there were some problems in Alabama. He directed them to follow him to the sheriff’s office. The sheriff ascertained that Williams was the owner of the car. When they arrived at the sheriff’s office the men got out of the car and locked it before going into the sheriff’s office.
Williams gave the officers his consent to search the car. Sergeant Gerald Monday from the Houston County Sheriff’s Office was present during the search. Recovered from the trunk of the automobile were ten cartons of Salem cigarettes, eighteen cartons of Kools, thirteen cartons of Winstons, one carton of Pall Mall, and two cartons of Camels. Appellant and Williams were arrested and placed in custody of Sergeant Monday along with the forty-four cartons of cigarettes.
Sergeant Monday testified that, on September 7, 1978, he went to the Sheriff’s Office in Seminole Cqunty, Georgia, where he saw appellant. He had previously radioed Sheriff Godby and given him information concerning a blue Oldsmobile and was present at the time this car was searched. The cigarettes found in the trunk of this car were turned over to him and the two suspects were placed in his custody. He further stated that seventeen cartons of cigarettes had the Town of Avon two cents sales tax on them. These seventeen cartons of cigarettes included six cartons of Salems, two cartons of Camels and nine cartons of Kool King cigarettes. Sixteen of these cartons were delivered to Thomas Efurd and he kept one carton which he produced at appellant’s trial. Mr. Efurd identified the seventeen cartons as his property. The car *991 ton retained by Sergeant Monday had a tear on one end of it. It was a Salem carton. Sergeant Monday searched appellant and found a small piece of green cardboard paper stuck inside a support hose above his left ankle. The torn piece of paper appeared to match the torn cigarette carton. The hose, piece of paper and carton were introduced into evidence. The cigarettes were removed from the torn carton prior to its admission in evidence.
Appellant was put in the Houston County Jail around 7:45 p. m. on September 7, 1978. He was again given the Miranda, rights and stated he knew and understood his rights. He was asked if he would like to explain where all the cartons found in the trunk of the car he was driving came from and he replied that he did not care to make a statement. He refused to sign a waiver of rights form. At that point the interrogation ended. At a later time, without a question being asked him, appellant told the officers that he was innocent; that he and his companion had loaned the automobile to a friend, Frank Johnson, in Dothan, Alabama, and that Johnson brought the car back around 3:30 and the cigarettes could have been in the car at that time. Appellant voluntarily made this statement.
Larceny is the felonious taking and carrying away of the personal property of another with the intent to convert it to his own use or to the use of another, or to deprive the owner thereof. Woods v. State, 57 Ala.App. 1, 325 So.2d 517; Armstrong v. State, 49 Ala.App. 396, 272 So.2d 603.
Courts throughout the country have consistently held that searches are constitutionally permissible when executed with the owner’s consent. Securing a search warrant is wholly unnecessary when consent to search has been freely given. Hernandez v. State, 50 Ala.App. 558, 280 So.2d 831; Payton v. State, 47 Ala.App. 347, 254 So.2d 351.
The evidence in this case is circumstantial. Circumstantial evidence is entitled to the same weight as direct evidence provided it points toward the guilt of the accused. Jones v. State, Ala.Cr.App., 337 So.2d 116; Williams v. State, Ala.Cr.App., 348 So.2d 1142; Chesteen v. State, Ala.Cr. App., 365 So.2d 102.
The evidence in this case strongly points to appellant as the guilty party in this case. He was identified as being in the store at about the time the offense was committed. Appellant’s companion with whom he entered the store was seen at the cigarette rack looking around and making movements. Appellant was the driver of the getaway car and in less than an hour he was was stopped in Georgia. The stolen merchandise was recovered from the trunk of the car he was driving.
Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury. Hawkins v. State, 53 Ala.App. 89, 297 So.2d 813; Bass v. State, 55 Ala.App. 88, 313 So.2d 208; Jones v. State, supra.
Appellant contends the trial court erred in permitting testimony by Sheriff Godby that 44 cartons of cigarettes were found during the search ■ of the car. He claims the jury could infer from this testimony that he had been on a “stealing spree” since only 17 cartons of cigarettes were at issue in the trial of this case. We do not agree.
There was no testimony offered at trial to show that the other cigarettes were, in fact, stolen. Though they were not encompassed in the charge against appellant the other cigarettes were admissible as part of the res gestae of the search and part of the same transaction. Smith v. State, Ala.Cr. App., 351 So.2d 668; Brantley v. State, 294 Ala. 344, 317 So.2d 345.
Finally, appellant claims there was error in the admission into evidence of the support hose worn by appellant at the time of his arrest. A torn piece of paper of the same color and size as that missing from the corner of one of the cartons of cigarettes was found stuck to appellant’s leg inside the support hose he was wearing. *992 This piece of evidence tended to directly connect appellant to the stolen property and was properly introduced into evidence. Gholston v. State, 221 Ala. 556, 130 So. 69; Lackey v. State, 41 Ala.App. 46, 123 So.2d 186.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.