TAYLOR, Judge.
Dudley Wayne Kyzer was convicted of first degree murder and was sentenced to death, pursuant to the death penalty statute in effect at the time of his crime, §§ 13-1-1 et seq., Code of Alabama 1975. This sentence was ultimately reversed and the case remanded for a new trial based on Beck v. State, 396 So.2d 645 (Ala.1980). See Kyzer v. State, 399 So.2d 317 (Ala.Cr. App.1979), rev’d, 399 So.2d 330 (Ala.1981). Accordingly, on December 4, 1981, a new trial commenced and the appellant was convicted of two counts of first degree murder, § 13-1-70, Code of Alabama 1975, and mandatorily sentenced to two life sentences, § 13-1-74, Code of Alabama 1975. The jury also found him guilty of second degree murder, § 13-1-73, Code of Alabama 1975, and, according to the statutory requirement to use their discretion when setting the sentence at not less than ten years, § 13-1-74, Code of Alabama 1975, they set his term of imprisonment at 10,000 years. The appellant did not appeal any of these convictions and sentences.
Two and a half years later, on August 24, 1984, the appellant filed a petition for writ of error coram nobis. However, when the coram nobis hearing commenced, the appellant requested that the petition be dismissed, knowing that the dismissal would be with prejudice. The learned trial judge made the following findings regarding this hearing:
“After colloquy between the Court and Petitioner and his attorney, the Court determined that Petitioner’s motion to dismiss the Petition with prejudice was knowingly and voluntarily made; that Petitioner understood the fact that a dismissal with prejudice would bar any future attempts to again raise the issues contained in the Petition; that the dismissal with prejudice would operate as an adjudication on the merits against the Petitioner; and that he was dismissing as without merit his averments of ineffective assistance of counsel, denial of the right of appeal, and cruel and unusual punishment contained in the Petition for Writ of Error Coram Nobis. The Court was informed that Petitioner sought neither a new trial nor an ‘out-of-time’ appeal, rather Petitioner wanted a reduction of the sentence imposed on the Second Degree Murder conviction. He intended to raise this issue by a Motion to Modify Sentence because Coram Nobis is *1203 not the proper vehicle for addressing the issue of sentence modification. [Citation omitted.]
“Therefore, on the averments contained in the Petition for Writ of Error Coram Nobis, the Court finds that the Petitioner has failed to present any evidence supporting his allegations: 1) that his appointed counsel was ineffective; or 2) that he was denied the right of appeal; or 3) that he was subjected to cruel and unusual punishment. Petitioner has the burden of proving his allegations.... The Court record shows that Petitioner was informed of his right of appeal, and no notice of appeal was given. The sentence of ten thousand (10,000) years is within the statutory range provided by law at the time of sentencing, if non-capital in nature, and leaves Petitioner eligible for parole. The dismissal with prejudice operates as an adjudication on the merits against the averments of the Petitioner.
“THE PETITION FOR WRIT OF ERROR CORAM NOBIS IS HEREBY DISMISSED WITH PREJUDICE on motion of the Petitioner and his attorney.”
Immediately after the petition was voluntarily dismissed with prejudice, the appellant orally moved the court to modify the 10,000-year sentence. The trial judge correctly held that he was without jurisdiction to modify the two-year-old sentence because the motion was not timely made within thirty days of pronouncement. Cooks v. State, 55 Ala.App. 538, 317 So.2d 506 (1975); Jones v. State, 55 Ala.App. 466, 316 So.2d 713 (1975).
It is well established that a statute is constitutional even though it does not specify a maximum penalty. See Robinson v. State, 479 So.2d 87 (Ala.1985). A statute that does not provide for a maximum penalty “may reasonably be contrued to validly authorize a maximum sentence of life imprisonment.” Id. At the time of appellant’s criminal act, Alabama had a general statute that fixed the maximum penalty at life imprisonment when not otherwise specified. § 15-18-23, Code of Alabama 1975, repealed effective January 1, 1980. See also, Smith v. State, 447 So.2d 1327 (Ala.Cr.App.1983), aff’d, 447 So.2d 1334 (Ala.1984). However, by waiving his right to appeal, the appellant waived his right to have the sentence reviewed.
AFFIRMED.
All the Judges concur.