WINDOM, Judge,
concurring in part and dissenting in part.
I agree with the plurality’s decision to uphold Carlton Reashard Lane’s conviction; however, for the reasons that follow, I disagree with the plurality’s decision to overturn Lane’s 120-year sentence.
*819 As the plurality recognizes, Lane was convicted of murder, a violation of § 13A-6-2, Ala.Code 1975, which is a Class A felony. At the time of his conviction, Lane had previously been convicted of two felonies. Because Lane was convicted of a Class A felony and had two previous felony convictions, the range of sentences to which he was exposed was governed by § 13A-5-9(b)(S), Ala.Code 1975, of the Habitual Felony Offender Act. Section 13A-5-9(b)(3), Ala.Code 1975, provides that “[o]n conviction of a Class A felony, [the defendant] must be punished by imprisonment for life or for any term of not less than 99 years.” Interpreting this provision, the plurality holds that “the only sentences available for Lane were either 99 years’ imprisonment or life”; therefore, Lane’s 120-year sentence is illegal. In holding that § 13A-5-9(b)(3) authorizes only two sentences (life or 99 years), the plurality rejects the plain language of the statute. Therefore, I must dissent.
It is well settled that “the first rule of statutory construction [is] that where the meaning of the plain language of the statute is clear, it must be construed according to the plain language.... ” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 504 (Ala.1993)(citing King v. National Spa & Pool Inst., 607 So.2d 1241, 1246 (Ala.1992)). “‘“The fundamental principle of statutory construction is that words in a statute must be given their plain meaning.” ’ ” Ex parte Ruggs, 10 So.3d 7, 11 (Ala.2008) (quoting Trott v. Brinks, Inc., 972 So.2d 81, 85 (Ala.2007), quoting in turn Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala.2003)). “When a court construes a statute, ‘[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’ ” Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Systems Eng’g Assocs., Corp., 602 So.2d 344, 346 (Ala.1992)). Because courts are bound to “interpret the plain language of [a] statute to mean exactly what it says,” courts may not “engage in judicial construction [unless] the language in the statute is ambiguous.” Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001). That is, “ ‘ “[w]here plain language is used a court is bound to interpret that language to mean exactly what it says,” and “[i]f the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’ ” Ex parte Alabama Great Southern R.R., 788 So.2d 886, 889 (Ala.2000) (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998)).
Section 13A-5-9(b)(3), Ala.Code 1975, provides “[i]n all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, ...: [o]n conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not less than 99 years.” (Emphasis added.) The statute sets the maximum sentence at life and the minimum sentence at 99 years.[4] Further, by using the phrase “any term of not less than 99 years” the legislature clearly authorized circuit courts to sentence an individual to any term of years between 99 years and life in prison. Thus, § 13A-5-9(b)(3) provides that the sentencing range for an individual who has *820 two prior felony convictions and is convicted of a Class A felony is 99 years to life. The language is plain and unambiguous and leaves no room for judicial interpretation. See Ex parte Alabama Great Southern R.R. Co., 788 So.2d at 889; Nielsen, 714 So.2d at 296; Ex parte Pratt, 815 So.2d at 535.
Applying the plain language of § 13A-5-9(b)(3), Lane’s sentence of 120 years in prison is within the statutory range of sentences available to individuals convicted of a Class A felony with two prior felonies. Lane’s 120-year sentence, which leaves him eligible for parole, does not exceed a sentence of life in prison.[5] Cf. Kyzer v. State, 484 So.2d 1202, 1203 (Ala.Crim.App.1986) (refusing to review an inmate’s 10,-000-year sentence when the statute under which the inmate was sentenced authorized a sentence of life in prison and the inmate’s 10,000-year sentence, which left him eligible for parole, did not exceed a sentence of life). Likewise, Lane’s 120-year sentence does not fall below 99 years. Thus, Lane’s 120-year sentence is within the range of sentences authorized by § 13A-5-9(b)(3). Cf. Smelcher v. State, 520 So.2d 229, 230 (Ala.Crim.App.1987) (failing to find a sentencing defect in the appellant’s 120-year sentence for rape).
Despite the unambiguous language contained in § 13A-5-9(b)(3), the plurality has chosen to read the phrase “life or for any term of not less than 99 years” as authorizing either a sentence of 99 years or a sentence of life. To come to its conclusion, the plurality rejects the unambiguous phrase “any term not less than 99 years.” By rejecting the phrase “any term not less,” the plurality has limited the range of punishments allowed under the plain language of the statute, i.e., 99 years to life. See Fuller v. Associates Commercial Corp., 389 So.2d 506, 509 (Ala.1980) (holding that “[e]ourt[s] must give effect to the legislature’s choice of the word ‘any’ rather than judicially rewriting the statute.... ”).
In support of its holding that § 13A-5-9(b)(3) authorizes only a sentence of 99 years or a sentence of life in prison, the plurality cites Smith v. State, 447 So.2d 1327 (Ala.Crim.App.1983) (“Smith I”), aff'd, Smith v. State, 447 So.2d 1334 (Ala.1984) (“Smith II”), and Rule 14.4, Ala. R.Crim. P. However, neither Smith I and Smith II nor Rule 14, Ala. R.Crim. P., justify the plurality’s rejection of the plain language contained § 13A-5-9(b)(3). In Smith I, this court held that Smith’s 45-year sentence for a Class C felony exceeded the maximum allowed by law. Smith I, 447 So.2d at 1332-34. Smith was convicted of manslaughter, a Class C felony, through the use of a firearm or deadly weapon. Id. Because Smith was convicted of a Class C felony, the statutory sentencing range for his crime was “‘not more than 10 years or less than 1 year and 1 day.’ ” Id. at 1332 (quoting § 13A-5-6(a)(3), Ala.Code 1975). However, § 13A-5-6(a)(5), Ala.Code 1975, provided that the sentence for “a Class B or C felony in which a firearm or deadly weapon was used [shall be] not less than 10 years.” The circuit court, construing § 13A-5-6(a)(5) — which set a minimum sentence of 10 years — as the only restriction on its sentencing authority, sentenced Smith to 45 years in prison.
On appeal, Smith argued that § 13A-5-6(a)(5), Ala.Code 1975, is unconstitutional because it set the minimum sentence for a Class C felony in which a firearm or deadly weapon was used at 10 years but failed to set a maximum sentence. This court rejected Smith’s argument that § 13A-5- *821 6(a)(5), Ala.Code 1975, failed to set a maximum sentence. Specifically, this court recognized that § 18A-5-6(a)(S), Ala.Code 1975, provided that the sentencing range for a Class C felony is “not more than 10 years or less than 1 year and 1 day.” This court further recognized that the firearm enhancement contained in § 13A-5-6(a)(5) only increased the minimum sentence required by law to 10 years and had no affect on the maximum sentence of 10 years established in § 13A-5-6(a)(8). Thus, when these two “ ‘[p]arts of the same statute are [read] in pari materia, ’ ” Smith I, 447 So.2d at 1333 (quoting Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380-81 (Ala.1979) (emphasis added)), a “10-year-term is both the minimum and maximum sentence which can be imposed for a Class C felony,” Smith II, 447 So.2d at 1336, and Smith’s 45-year sentence exceeded the 10-year maximum.
This court’s holding in Smith I, however, has no application to Alabama’s Habitual Felony Offender Act. Unlike the firearm or deadly-weapon enhancement contained in § 13A-5-6(a)(5), which affects only the minimum sentence for Class B and Class C offenders, Alabama’s Habitual Felony Offender Act enhances both the minimum and the maximum sentences available for habitual felons. Compare § 13A-5-6(a)(5) (the sentence for “a Class B or C felony in which a firearm or deadly weapon was used [shall be] not less than 10 years ” (emphasis added)) with § 13A-5-9(b)(3), Ala.Code 1975 (“On conviction of a Class A felony, [the defendant] must be punished by imprisonment for life or for any term of not less than 99 years.” (emphasis added)). More importantly, unlike the firearm or .deadly-weapon enhancement contained in § 13A-5-6(a)(5), which contains no maximum sentence and thus must be read in pari materia with subsection (a)(3) of the same statute to ascertain both a maximum and minimum range of sentences, § 13A-5-9(b)(3), Ala.Code 1975, specifies both a minimum and a maximum sentence, i.e., 99 years to life. Accordingly, unlike the firearm or deadly-weapon enhancement, there is no need to read § 13A-5-9(b)(3), Ala.Code 1975, in pari materia with other statutes to ascertain the statutory minimum and maximum sentence.
Because § 13A-5-9(b)(3), Ala.Code 1975, increases both the statutory minimum sentence and the statutory maximum sentence, the holdings in Smith I and Smith II do not apply.
Likewise, the plurality’s attempt to buttress its rejection of the plain language contained in § 13A-5-9(b)(3), Ala.Code 1975, with the requirements outlined in Rule 14, Ala. R.Crim. P., is unpersuasive. According to the plurality:
“[Its] interpretation [of § 13A-5-9(b)(3) ] is consistent with Rule 14.4, Ala. R.Crim. P., the Rule governing the acceptance of a guilty plea. We have consistently held that a defendant must be apprised of the correct minimum and maximum sentence before pleading guilty. See White v. State, 4 So.3d 1208 (Ala.Crim.App.2008); Gordon v. State, 692 So.2d 869 (Ala.Crim.App.1996). This right is incorporated into Rule 14.4(a)(1)(ii), Ala. R.Crim. P., which states that before pleading guilty the defendant must be advised of ‘[t]he mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions.’ The ‘Explanation of Rights and Plea of Guilty Form,’ attached as an appendix to the Alabama Rules of Criminal Procedure, sets out the sentence range for a Class A felony where there are two prior felony convictions as ‘life imprisonment or any term of years not less than 99.’ Rule 14.4(d), Ala. R.Crim. *822 P., further states that ‘[t]he court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or Form CM4A, as the case may be.’ See also Carter v. State, 853 So.2d 1040, 1041 (Ala.Crim.App.2002) (‘The maximum sentence for a conviction of first-degree robbery, a Class A felony, with two prior felony convictions, is life imprisonment or imprisonment for a term of not less than 99 years.’); Craig v. State, 645 So.2d 349, 351 (Ala.Crim.App.1994) (‘Assuming that Craig had had two prior felony convictions, the sentence for a first degree robbery conviction would have been life imprisonment or a term of not less than 99 years.’).”
66 So.3d at 818.
The plurality, however, fails to explain how interpreting § 13A-5-9(b)(3) to allow only a sentence of 99 years or a sentence of life is consistent with “Explanation of Rights and Plea of Guilty Form,” attached as an appendix to Rule 14.4, Ala. R.Crim. P. As the plurality recognizes, the appendix sets out the sentence range for a Class A felony where there are two prior felony convictions as “life imprisonment or any term of years not less than 99 years.” (emphasis added). It is inconceivable that an individual who is informed that the sentencing range pursuant to § 13A-5-9(b)(3) is “life imprisonment or any term of years not less than 99 years” would be unaware that the maximum sentence that individual faces is life, the minimum sentence that individual faces is 99 years, and the circuit court may, within its discretion, sentence that individual to any term in between 99 years and life.
Because the plain language of § 13A-5-9(b)(3), Ala.Code 1975, unambiguously sets the sentencing range for a Class A felony where there are two prior felony convictions at “life imprisonment or any term of years not less than 99,” the plurality has failed to “give effect to the legislature’s choice of the word ‘any’ [and thus has] judicially rewritten] the statute.” Fuller, 389 So.2d at 509. Accordingly, I must respectfully dissent from this court’s decision to overturn Lane’s 120-year sentence.

. Even if § 13A-5-9(b)(3), Ala.Code 1975, did not explicitly set the maximum sentence at life, which it does, the maximum sentence available under that statute would be life. See Ex parte Robinson, 474 So.2d 685, 686 (Ala.1985) (holding that a sentence of life in prison is the maximum when a statute explicitly sets a minimum sentence but fails to set a maximum).

. The only sentences greater then life in prison are life in prison without the possibility of parole and death.