329 So.2d 664

**Francis THOMPSON**

v.

**CITY OF HUNTSVILLE.**

**8 Div. 719.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Rehearing Denied Feb. 17, 1976.

Robert M. Shipman and John S. Somerset, Huntsville, for appellant.

David C. Craddock, Huntsville, for appellee.

TYSON, Judge.

This is an appeal from a judgment of conviction under Section 13 of Huntsville's "Massage Parlor" Ordinance (City of Huntsville, Alabama, Ordinance No. 74–76). The jury found the appellant "guilty" and the trial court entered judgment, setting sentence at thirty days imprisonment in the City Jail.

Succinctly stated, Section 13 makes it unlawful for any masseur or masseuse to massage or touch the genital organs of another in connection with a massage.

Ruby Neeley, Clerk-Treasurer of the City of Huntsville, testified that the ordinance in question was in full force and effect on May 2, 1974, the date of appellant's arrest. A copy of such ordinance was admitted into evidence.

Huntsville Police Officer Roger Taylor testified that on the night of May 2, 1974, he entered the Magic Touch Massage Parlor at 898 Church Street, in Huntsville, alone. He testified that he requested a massage. He stated that he was quoted several prices at the front desk, the prices depending upon the amount of clothing to be worn by the customer during the massage. He testified that he paid $35.00 and that it was understood that he would be completely naked and was to be massaged by an equally bare masseuse. He was then placed in a room, instructed to remove his clothing and lie on a waterbed. Shortly thereafter, a female identifying herself as "Angel" entered the room, and she, too was completely naked. She began the massage, and then began massaging his testicles and penis. She advised the officer that for $25.00 more he could have sexual inter-course. The officer, on the pretext that that he had a cramp in his leg, got up, produced his badge from his pants pocket, and identified himself as a police officer, and placed the appellant under arrest. Officer Taylor then signalled for two other police officers, who were sitting outside, to come in, and they took the appellant to the City Jail.

The appellant offered no testimony at trial nor were the above facts controverted.

I

Appellant asserts that the record in this cause fails to show that her appeal was timely docketed in the Circuit Court from the appeal taken from Recorder's Court, as is required by Title 37, Section 587, Code of Alabama 1940.

A corrected supplemental transcript filed in this Court on December 15, 1975, pursuant to the provisions of Rule 10(f), Alabama Rules of Appellate Procedure, adopted June 17, 1975, by the Supreme Court of Alabama, clearly established that the complete transcript of the proceedings in the Recorder's Court was filed in the Circuit Court of Madison County, Alabama, on June 13, 1974, which is well within the sixty day period proscribed by Title 37, Section 587, Code of Alabama 1940.

Moreover, this record shows that notice of appeal and appeal bond were posted on May 10, 1974 (the date of appellant's conviction in Recorder's Court). Further the recitation of the appeal bond, as shown in the record, in usual form and timely made, in and of itself is sufficient to establish compliance with the statute even though here the entire record was timely filed. *Ex parte State, ex rel. Attorney General,* 210 Ala. 458, 98 So. 708.

We are therefore of the opinion that the record of the proceedings below was

properly established in the Circuit Court, and is therefore properly established in this Court since such supplemental transcript was established in this Court more than three weeks prior to oral argument and submission of this cause in this Court.

## II

⟩ Appellant asserts that the Massage Parlor Ordinance in question is violative of both the due process and equal protection clause of the Fourteenth Amendment of the United States Constitution. The thrust of appellant's argument in this respect is directed to Section 12 of the Ordinance in question, which prohibits bisexual massage, when in fact the appellant's conviction is for violation of Section 13 of the Ordinance, which prohibits the massaging of the genitals of another without reference to either sex.

We note, in passing that the constitutionality of such ordinances has been specifically upheld by three of our sister states. (*See Kisley v. City of Falls Church*, 212 Va. 693, 187 S.E.2d 168; *Smith v. Keator*, 21 N.C.App. 102, 203 S.E.2d 411; *Rubenstien v. Cherry Hill*, Unreported Affirmance, N.J.Super.Ct., Appellate Div.)

Each of these decisions was dismissed from the Supreme Court of the United States for want of a substantial Federal question. (See 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169; 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636; 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 136, respectively.)

More recently, the United States Court of Appeals for the Third Circuit in *Colorado Springs Amusement, LTD. v. Rizzo*, 524 F.2d 571 (1975), reached the same result, as has the United States Court of Appeals for the Fourth Circuit in *Hogge v. Johnson*, 526 F.2d 833 (1975).

Similarly, the very ordinance here in question has been determined to be constitutional by the Honorable Seyborne H. Lynne, United States District Judge for the Northern District of Alabama, in *Rasnake, et al. v. City of Huntsville*, C.A. No. 74–L–292, N.E.

We are of the opinion that the ordinance here in question was a valid exercise of the police power granted to the City of Huntsville, Alabama, under the provisions of Title 37, Section 455, Code of Alabama 1940, as amended 1971.

We have carefully examined this record, as required by law, and find no error therein. The judgment is therefore due to be and the same is hereby

Affirmed.

All the Judges concur.