329 So.2d 171
Clarence Edward COPELAND

v.

STATE.

6 Div. 7.

Court of Criminal Appeals of Alabama.

March 16, 1976.

Samuel H. Sanders, III, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Quentin Q. Brown, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of grand larceny and sentenced to five years imprisonment in the penitentiary. He was found to be indigent prior to arraignment and counsel was appointed to represent him at arraignment and trial. He pleaded not guilty. After sentence was imposed, he gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on appeal.

The facts are not in dispute. Appellant did not testify or offer any evidence in his behalf. He raised the sufficiency of the State's evidence by a motion to exclude and by a motion for a new trial, both of which were overruled and denied.

The evidence presented by the State tended to show that on October 31, 1974, between two and three o'clock in the afternoon, a black male was seen entering the vestibule of the 19th Street entrance to Loveman's Department Store in Birmingham, Alabama. A few moments later this same man was observed in the basement area of that department store putting dresses into a shopping bag. One of the store's security officers who had observed the actions of this man left to get assistance, but returned to see this man exiting the 19th Street door from which he had entered, and he was clutching the shopping bag full of dresses with hangers, price tags and merchandise hanging out of the bag. She pursued him out on the street hoping to attract the attention of a police officer but the man made good his escape.

Upon returning to the store following her unsuccessful pursuit of the thief, the security officer assisted a saleswoman in the basement in conducting an inventory of the dresses in that area. A comparison of the inventory taken at the time with the inventory taken at the opening of business that morning showed a total of nine dresses missing, the total retail value of which was $190.00.

The witness further testified that she had seen this same man in the store before but did not know his name. She made a positive in-court identification of appellant as the man she unsuccessfully chased out of the store and down the street with a bag full of dresses on the afternoon of October 31, 1974. The clothes were in a Pizitz shopping bag.

On the following day, November 1, 1974, this same security officer, responding to a call from a salesperson in the basement of Loveman's, observed the man whom she identified as appellant, and recognized him as the man she had tried to catch the day before. She immediately contacted her superior officer and told him that the man who had taken the dresses the day before was presently in the basement.

Mr. Terry Holder testified that he was employed by Loveman's Department Store as Director of Security; that Loveman's was a trade name for City Stores Company, a corporation. He stated that on November 1, 1974, at approximately 5:00 p.m., in response to a call from Mrs. Bishop, the store detective who chased appellant on October 31, 1974, he went to the men's department in the basement where he proceeded to watch two individuals pointed out to him by Mrs. Bishop. Both were black males and Mrs. Bishop pointed appellant out to him as the thief that made good his escape the day before with a bag full of dresses. After Mrs. Bishop told Mr. Holder appellant was the man in the store the day before and in the presence of appellant Mrs. Bishop said, "This is the man

that took the dresses from the ladies department in the basement the day before and outran me." Mr. Holder arrested appellant. He searched appellant at the time of the arrest and found a Pizitz shopping bag neatly folded underneath his shirt and tucked in his pants. This witness further stated that Loveman's did not have Pizitz shopping bags in Loveman's stores. Mr. Holder made an in-court identification of appellant as the man he arrested in the basement of Loveman's Department Store with a Pizitz shopping bag hid under his clothes.

█ There was no error in overruling appellant's motion to exclude the State's evidence, and there was no error in denying the motion for a new trial.

In *Young v. State*, 283 Ala. 676, 220 So. 2d 843, the Supreme Court held:

"Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. *Drummond v. State*, 37 Ala.App. 308, 67 So.2d 280; *Wade v. State*, 24 Ala.App. 176, 132 So. 71."

█ The corpus delicti in larceny consists of two elements: (1) that the property was lost by the owner and (2) it was lost by a felonious taking. *Pate v. State*, 36 Ala.App. 688, 63 So.2d 223.

█ The loss of property by felonious taking may be proved by facts and circumstances as well as by direct and positive evidence and if the evidence affords an inference that a larceny has been committed, its sufficiency is for the jury and it is their duty to determine whether the corpus delicti has been proven. *Melson v. State*, 38 Ala.App. 514, 88 So.2d 851; *Jones v. State*, 51 Ala.App. 570, 287 So.2d 886;

*Woods v. State*, 57 Ala.App. 1, 325 So.2d 517.

█ Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. Whether there is such evidence is a question of law, its weight and probative value are for the jury. *Haggler v. State*, 49 Ala.App. 259, 270 So.2d 690.

Appellant contends the Court erred in its oral charge to the jury. At the conclusion of the oral charge appellant said he had no exceptions thereto.

█ Numerous cases decided by the appellate courts of this state establish the rule that, in the absence of an exception to the Court's oral charge, there is nothing presented for review. *Cox v. State*, 280 Ala. 318, 193 So.2d 759; *Richardson v. State*, 57 Ala.App. 24, 325 So.2d 540.

We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.

AFFIRMED.

TYSON, DeCARLO and BOOKOUT, JJ., concur.