Michael Marlow was indicted by a Walker County Grand Jury in May of 1986 for burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975, and receiving stolen property in the second degree, in violation of § 13A-8-18, Code of Alabama 1975. The appellant was tried before a jury on August 18, 1987. On August 20, 1987, the jury returned a verdict of "guilty of burglary in the third degree." This appellant was sentenced to fifty years' imprisonment in a state penitentiary, pursuant to the Habitual Felony Offender Act. *Page 806 
 I
The appellant contends that the circuit court erred in overruling the appellant's objections and motion for mistrial based on the prosecutor's direct comments on the alleged failure of the appellant to testify. The appellant called five witnesses to testify, but did not testify himself. At R. 168-169, the appellant generally objected to and moved for a mistrial based on the prosecutor's following comments in the State's opening statement.
 "MR. BREWER [District Attorney]: Having said that, I think you should be aware that there may be names of other persons or person brought into this thing, but we expect from the evidence you will hear from this stand will show you that there was no other evidence linking anybody other than this particular defendant to this crime. This particular defendant.
 "THE COURT: Mr. Brewer, you are not in a position at this point to know that there is not any other evidence, linking anyone else, and I ask you not to repeat that.
"MR. NAIL: We would respectfully object —
"THE COURT: Sustain.
"MR. NAIL: — and ask for a mistrial.
 "MR. BREWER: Your Honor, in all due respect, I'm in exactly the position. I am the prosecutor. I have talked to every officer in the case —
 "THE COURT: Mr. Brewer, please don't say that. The Court holds at this point that you are not in the position to tell this jury that there is no other evidence of anyone else's participation, and please don't repeat that. "MR. NAIL: We would respectfully renew our request for a mistrial, if it please the Court.
"THE COURT: Overruled.
 "Ladies and gentlemen of the jury, the Court's holding is that the Asst. District Attorney's remark was improper at this point. Not that he deliberately attempted to do anything improper. He certainly feels that he should have said what he did, but the Court's holding is that the statement that he made is not to be considered by you whatsoever in reaching a verdict in this case.
 "What I'm referring to is the statement: 'There is no other evidence connecting anybody else in this offense.' That was my interpretation of what he said. Please don't consider that under any circumstances in reaching a verdict in this case."
The appellant also makes objections to statements at R. 297-298, and R. 345-350, and R. 351-352. These comments in no way directly or indirectly, separately or cumulatively make any reference to the appellant himself not testifying. The only comment for this court therefore to review is the State's opening remarks. (R. 168169.)
It has been generally held that, "before the State's comment will be interpreted as an improper comment upon the failure of the defendant to testify, there must be almost a direct reference to the defendant alone as an individual who has not become a witness." Griffin v. State, 393 So.2d 523 (Ala.Cr.App. 1981).
In this instance, the only comment made by the prosecutor which resembled a remark on the failure of the appellant to testify occurred during the State's opening argument. (R. 168-169.)
This comment was a statement regarding the evidence which would be presented in this cause. This statement could not have been a remark regarding the appellant's failure to testify because, in the State's opening statement, the district attorney would have no way of knowing vel non if the appellant would testify. Furthermore, any harm which may have occurred was promptly cured by the trial judge's instructions telling the jurors to disregard the comments in question by the prosecutor.
"The trial judge is in the best position to determine whether the prejudicial effect of an improper question can be eradicated by instructions to the jury, and his determination of that matter should be accorded great deference." Ringer v.State, 489 So.2d 646 (Ala.Cr.App. 1986). *Page 807 
This court finds that the comments by the prosecutor on R. 297-298, R. 345-350, and R. 351-352 in no way are even indirectly a comment on this appellant's not testifying. Therefore, there is no cumulative effect of such statements and this appellant was not prejudiced in any way. Therefore, the trial court was correct in its denial of the motion for a mistrial.
 II
The appellant asserts that the trial court's denial of the appellant's motion for a psychiatric examination constituted an abuse of discretion. The appellant claims it prevented him from presenting an affirmative defense that he was suffering from a mental disease or defect at the time the crime in question was committed.
Prior to trial, counsel for the appellant filed a petition for a psychiatric examination with the Walker County Circuit Court. (R. 455-459.) This petition requested the trial court to order a psychiatric examination for the purpose of determining (1) his present mental capacity to stand trial, and (2) his mental condition at the time of the alleged crime. (R. 455-459.)
On May 13, 1987, this appellant entered a plea of not guilty by reason of mental disease or defect. (R. 460.) On May 29, 1987, a hearing was conducted on the appellant's request for a mental evaluation. (R. 100-123.)
At this hearing, the appellant testified that he attempted suicide by slashing one of his wrists. (R. 116-117.) The appellant attempted this suicide after he discovered that he was being charged with the offenses in this cause. This appellant also allegedly attempted suicide by setting his mattress on fire in his padded isolation cell while imprisoned at the Walker County Jail. The appellant was placed in this cell after an escape attempt.
The court overruled this appellant's request for a mental evaluation and this appellant withdrew his plea of not guilty by reason of mental disease or defect. (R. 163.)
"A criminal defendant does not have a right to a mental examination whenever he requests one." Moreover, "the trial court is the proper screening agent as to requests for mental examinations." Blevins v. State, 516 So.2d 914 (Ala.Cr.App. 1987).
A defendant bears the burden of persuasion that a doubt exists as to the defendant's competency. Robinson v. State,428 So.2d 167 (Ala.Cr.App. 1982). In this cause the trial judge's determination of the competency of the appellant is well supported. The following testimony is found in the appellant's motion to recuse. The record shows that the trial judge asked Bill Barnet from the Northwest Alabama Mental Health Center to go to the county jail and talk with this appellant. Mr. Barnet talked with the appellant and then reported his findings orally back to the judge. The judge stated for the record, "My recollection is that there was no sign of any mental illness and there was no treatment for mental illness suggested or recommended, but rather that it was suggested the defendant might need some alcohol and drug abuse treatment. And that was the only treatment that I recall having been discussed or suggested." (R. 48.) Mr. Barnet testified that he did tell the jury that the appellant did need specific treatment but he would not tell what type of treatment. He testified, "That gets into diagnosis. I don't know if I — It gets into confidentiality." (R. 44.)
The question of whether vel non a reasonable doubt as to the competency of a defendant exists is within the trial court's discretion. Livingston v. State, 419 So.2d 270 (Ala.Cr.App. 1982); Williams v. State, 386 So.2d 506 (Ala.Cr.App. 1980). It should be noted that this court gives great deference to the trial court in its determination. Holmes v. State,497 So.2d 1149 (Ala.Cr.App. 1986); Blevins v. State, supra.
Furthermore, Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087,84 L.Ed.2d 53 (1985), the authority upon which the appellant bases his argument does not apply in non-capital cases. Isom v.State, 488 So.2d 12 (Ala.Cr.App. 1986). *Page 808 
For this reason, and those cited herein, the trial court did not abuse its discretion in denying the appellant's motion for psychiatric evaluation. Blevins v. State, 516 So.2d 914
(Ala.Cr.App. 1987).
 III
The appellant contends that the trial court's oral charge on circumstantial evidence was so confusing and misleading as to deny him a fair trial. During the court's oral charge to the jury, the trial court instructed the jury on circumstantial evidence as follows: (R. 373-374.)
 "Now, ladies and gentlemen, what is circumstantial evidence? I charge you ladies and gentlemen of the jury that the guilt of this defendant may be proved by circumstantial evidence as well as direct evidence. And what is circumstantial evidence?
 "I charge you ladies and gentlemen, that the test of the sufficiency of circumstantial evidence is whether the circumstances as proved produce a moral conviction to the exclusion of all reasonable doubt of the guilt of the defendant. And whether they are incapable of explanation upon any reasonable hypothesis consistent with the defendant's innocence. There should not be a conviction upon circumstantial evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that the defendant is innocent, then the guilt of the accused is not shown by that full measure of proof that the law requires and the defendant should be acquitted.
 "Now, circumstantial evidence is simply indirect evidence. Direct evidence is a perception of the senses. You either see it, you hear it, you feel it, you smell it, taste it. However, circumstantial evidence is evidence you can not observe from your senses, so circumstantial evidence is simply indirect evidence.
 "I charge you, ladies and gentlemen of the jury, that circumstantial evidence alone is enough to support a guilty verdict provided that the jury believe beyond a reasonable doubt that the accused is guilty.
 "I further charge you ladies and gentlemen that whether or not circumstantial evidence presented is sufficient to connect the defendant with the offense charged is a question for the jury to decide.
 "Circumstantial evidence is entitled to the same weight as direct evidence provided it points to the guilt of the defendant."
The appellant objected to the above charge and stated as follows: (R. 304.)
 "We would object to the Court charging on that, and we further would except to the Court's oral charge in defining circumstantial evidence, the Court stated in substance, that circumstantial evidence was nothing more than indirect evidence and said that it was for the jury to determine whether or not — Let me retract that. The Court stated that circumstantial evidence was indirect evidence and that there was no difference between indirect evidence and direct evidence and the jury should only be concerned with whether or not the circumstantial evidence was sufficient and that if it pointed to the guilt of the defendant. It was sufficient or words to that effect. I would object to that, that is not the test.
 "The Court stated the phrase circumstantial evidence, if it pointed to the guilt of the defendant. And I would submit that that is misleading. It is not the law. It is not the test for circumstantial evidence, or direct evidence for that matter of fact. And it creates the impression to the jury that the burden is something less than beyond a reasonable doubt. And we would object to that portion of the Court's oral charge.
 "MR. BREWER: For the record, Judge, the State thinks you gave the proper —
 "THE COURT: I should have said if it points to the guilt or innocence of the defendant." *Page 809 
The trial court then instructed the jury again on circumstantial evidence, stating as follows: (R. 391-392.)
 "Now, in talking to you about circumstantial evidence, I made the statement that circumstantial evidence is entitled to the same weight as direct evidence provided it points to the guilt of the defendant. What I should have said is that circumstantial evidence is entitled to the same weight as direct evidence provided it points to the guilt or innocence of the defendant. Either way, it works both ways.
 "Now, ladies and gentlemen of the jury, we are going to get out of this room and let you deliberate in here.
"THE COURT: Any exception?"
The appellant again objected to that portion of the court's oral charge dealing with the test of circumstantial evidence at (R. 391-392) as follows:
 "MR. NAIL: I would respectfully except to the Court's oral charge where the Court restated the definition in circumstantial evidence and direct evidence pointing to the guilt or innocence of the defendant, that it works both ways is a misstatement of the burden of proof and the burden — and the burden the State has, and it attempts to lessen the burden the State has in this case, beyond a reasonable doubt and statement the Judge gave on circumstantial evidence.
 "That's the only exception we have. We reassign the other exceptions made earlier.
"THE COURT: Okay."
This court finds that the jury charge by the trial court was proper and not misleading. When reviewing the judge's oral charge, "each statement made by the judge to the jury should be examined in light of the entire charge and isolated statements which appear prejudicial when taken out of the context may be innocuous when viewed in light of the entire trial."Kennedy v. State, 472 So.2d 1092 (Ala.Cr.App. 1984), affirmed,Ex parte Kennedy, 472 So.2d 1106 (Ala. 1985), cert. denied,474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985); quoting UnitedStates v. McCoy, 539 F.2d 1050, 1063 (5th Cir. 1976), cert. denied, 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977).Page v. State, 487 So.2d 999 (Ala.Cr.App. 1986); Jackson v.State, 412 So.2d 302 (Ala.Cr.App. 1982).
In reviewing the record, this court finds no misleading statements, but if the charge was misleading any confusion was resolved by the trial judge's subsequent charge.
"The language of a charge must be given a reasonable construction, and not a strained and unreasonable one . . ."Kennedy v. State, supra, quoting Harris v. State, 394 So.2d 96,100 (Ala.Cr.App. 1981). " '[F]anciful theories based on vagaries of the imagination' should not be indulged in construing the court's charge." Kennedy v. State, supra, quoting Addington v. State, 16 Ala. App. 10, 19, 74 So. 846
(Ala. 1979).
We find no error in the trial judge's charge. Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979).
 IV
The appellant asserts an argument claiming that the trial court erred in refusing to give requested written jury charges concerning whether witness Jim Cannon was an accomplice. The appellant claims this witness's testimony must be corroborated pursuant to § 12-21-222, Code of Alabama 1975. This court finds that there is no basis for this contention and it has no merit whatsoever.
To be an "accomplice," the witness must, under the evidence, have been capable of being indicted and convicted for the same offense for which the accused is being tried. Moon v. State,460 So.2d 287 (Ala.Cr.App. 1984); Strange v. State, 43 Ala. App. 599, 197 So.2d 437 (Ala.Cr.App. 1966), cert. dismissed,280 Ala. 718, 197 So.2d 447 (Ala. 1967); Bates v. State,461 So.2d 1 (Ala.Cr.App. 1983), affirmed, Ex parte Bates,461 So.2d 5 (Ala. 1984).
In this cause, Jim Cannon bought a "VCR" from the appellant. He did not know that the "VCR" was stolen. No where in the record suggests that Jim Cannon *Page 810 
was in any way connected with the commission of the crime, nor did he ever know how the appellant acquired the video cassette recorder. The appellant told this witness that he was helping a friend sell the "VCR" because the friend owed the appellant money. (R. 262-273.)
The determination as to whether or not the State's evidence had made the witness to be "an accomplice is a question of law initially directed to the trial judge." Russell v. State,365 So.2d 343 (Ala.Cr.App. 1978); Strange v. State, supra. The burden of proof proving that a witness is an accomplice for purposes of invoking the rule requiring corroboration of accomplice's testimony is on the defendant. Clifton v. State,359 So.2d 853 (Ala.Cr.App. 1978); Moon v. State, supra.
In this cause the appellant has clearly failed to meet this burden. Accordingly, the trial judge properly refused the appellant's requested written charges on the accomplice's testimony.
 V
The appellant contends that the trial court erred in failing to grant the appellant's motion for judgment of acquittal and motion for a new trial. The appellant claims that the evidence at trial was insufficient to sustain his conviction for burglary. The appellant bases his argument on the fact that there was no direct evidence to link this appellant to the burglary, and that the State's cause rested on purely circumstantial evidence.
"Loss of property by felonious taking may be proved by facts and circumstances as well as by direct and positive evidence, and, if the evidence affords an inference that larceny has been committed, it is sufficient for the jury." Woods v. State,57 Ala. App. 1, 325 So.2d 517 (1975), cert. denied, 295 Ala. 430,325 So.2d 519 (1976); Copeland v. State, 57 Ala. App. 482,329 So.2d 171 (1976).
The undisputed facts in this cause are clearly sufficient to support a conviction. Mary Deweese's home was burglarized on January 21, 1986. A "VCR" was taken in this burglary. James Cannon bought a "VCR" from this appellant while he was at lunch around the same time in January, 1986. He stated that he could not remember the exact date, but that it was definitely before January 23, 1986. These dates can be confirmed by reference to an incident at James Cannon's place of employment. James Cannon works at a car dealership, and the missing "VCR" was in the trunk of a demonstration car which was lent to a customer whose car was being repaired. James Cannon had to find this customer in order to retrieve the "VCR" from the trunk in order to sell it. The repair order on the customer's car was dated January 23, 1986, hence, the "VCR" was bought at lunch on either the 21st or 22nd of January, 1986. The victim of the burglary, Mary Deweese, later identified the "VCR" as being the one taken from her home during the burglary. The "VCR" had been seized and was at the Walker County Sheriff's Department.
"Upon proof of a burglary, the possession soon thereafter of goods recently taken in a burglary affords a logical inference in the absence of a satisfactory explanation that the possessor was the burglar." Trammell v. State, 377 So.2d 12 (1979). It is also well founded in this state that, when a breaking and entering is shown by the evidence and it appears that, at the time of the breaking, certain property was stolen, which is later found in the possession of the defendant, this, if unexplained to the satisfaction of the jury, would be sufficient to support a judgment of guilt. Pugh v. State,376 So.2d 1135 (Ala.Cr.App.), writ denied, Ex parte Pugh,376 So.2d 1145 (Ala. 1979); McConnell v. State, 429 So.2d 662
(Ala.Cr.App. 1983); Moon v. State, supra.
In this cause, the defense attempted to establish an alibi by placing the appellant in Florida. This presents a question for the jury which was resolved against Marlow. It is true that no one saw Marlow on the premises on the date of the burglary. No fingerprints were found.
However, sufficient evidence was placed before the jury to sustain Marlow's conviction. Thus, the trial court's denial of the *Page 811 
appellant's motion for judgment of acquittal and for a motion for new trial was not in error.
 VI
The appellant asserts that the circuit court denied him a fair trial in violation of the Due Process Clause of the United States Constitution by compelling the appellant to wear leg irons throughout the trial.
Prior to the jury venire being brought to the courtroom, the following occurred at R. 134-135.
 "MR. NAIL: Mr. Marlow is sitting here at the counsel table in leg shackles. I would like the record to reflect that this is an open table underneath. The jurors are going to be sitting out in the Courtroom facing Mr. Marlow. They can see under the table and see the leg shackles. They will be visible to them. In light of all of this publicity and all the stuff that has been in the paper, it is prejudicial to him. It denied him a fair trial. And we would object to him being here in front of the jury venire in leg shackles.
"THE COURT: Anything else?
"MR. NAIL: That's all.
"THE COURT: I deny the motion.
"MR. NAIL: We except."
The appellant was then compelled to wear leg irons or shackles throughout the remainder of the trial.
This court has already held in Campbell v. State,484 So.2d 1168 (Ala.Cr.App. 1985), that there was no error in permitting the jury to see the appellant restrained in shackles where there was "little doubt that the appellant had substantial reason to attempt to escape." The court concluded in Campbellv. State, that the appellant was a "security risk" because he was likely to attempt an escape because he faced a life sentence without parole because of his prior convictions.
This appellant in this cause had prior convictions and was likely to be given a long sentence. Furthermore, this appellant had already attempted an escape in which he overpowered a guard. Thus, it was very likely that this appellant would attempt another escape. The appellant had also set fire to his cell which may have also been an escape attempt. In light of the above facts, it was reasonable for the court to consider this appellant a security risk and the court did not abuse its discretion in keeping this appellant restrained during the trial. Martin v. State, 51 Ala. App. 405, 286 So.2d 80 (1973).
 VII
The appellant asserts that the circuit court erred in failing to recuse itself based on the court's bias and prejudice towards the appellant; the result of which denied the appellant a fair trial. The appellant bases this argument on a conversation at a plea bargaining conference and the denial of various motions during the trial. The appellant alleges that the trial judge's bias affected his rulings on various motions and also statements made regarding these motions. The appellant also alleges that the harsh sentence that he received is a result of this bias.
Nothing in the record indicates that there was any personal bias held by the trial judge against this appellant that would disqualify him from presiding over these proceedings. In fact, from reviewing the record, it appears that the trial judge was very patient with the appellant and his counsel.
The appellant filed a pretrial motion requesting the court to recuse itself based on the court's exhibited bias and prejudice toward the appellant. This motion was denied. The following is the appellant's counsel's testimony concerning statements made by the trial judge at a conference with the judge. This conference regarded a settlement offer of the appellant's pending charges. (R. 49-56.)
The appellant's counsel testified in summary at this hearing that the court stated in substance that it was not inclined to accept the agreement because the appellant deserved a life sentence, and he was not inclined to give any consideration because he felt the appellant was not a person who deserved any consideration. (R. 51.) The *Page 812 
appellant's counsel further testified that the court stated or inferred that someone had misrepresented the appellant's prior criminal record to him, although the appellant's counsel had no contact with the judge regarding this matter. (R. 52.) The appellant's counsel testified that the court stated that it had contacted the probation officer prior to trial to obtain the appellant's prior criminal record. The appellant's counsel further stated that the court stated it would try each of the appellant's cases one after the other with the same jury venire. (R. 52.)
The court denied making these statements at R. 54-55, but did admit to obtaining the appellant's prior criminal record and to making the statements that he would try all of the appellant's cases with the same jury venire.
The district attorney testified at R. 58-60 that his recollection of the conference was that the court thought the only sentence available was a life sentence, but did not remember the court stating that the appellant did not deserve any consideration. The prosecutor did remember the court inferring that it had been misled about the prior offenses but stated that he thought the trial judge was upset with him and not the appellant. (R. 60-62.)
The prosecutor further testified that the reason the trial judge rejected the plea agreement is that he was concerned about the mandatory application of the Habitual Felony Offender Act to this appellant. It should be noted that the sentencing of the appellant was within the range imposed by the Alabama Habitual Felony Offender Act. § 13A-5-9, Code of Alabama 1975. This appellant was convicted of a class C felony and had four prior felony convictions.
The appellant's counsel also contends that the trial judge conversed with a complaining witness about the case. It is undisputed that the trial judge had spoken to a complaining witness, Bob Sargent, but it was not clear what was said, if anything, about the appellant. (R. 74.) Testimony revealed that the trial judge dealt with Sargent in a business capacity when Sargent made a passing remark about something in the case. The trial judge was buying some paint from Sargent at the time. The extent of Sargent's knowledge of the case or appellant was not shown. Sargent also did not testify at the appellant's trial.
This court has reviewed the record and found that the record does not support the appellant's allegations. The trial court was not biased in its rulings. In fact, the trial court was very protective of the appellant in many instances. The burden of proving allegations of bias falls on the appellant.Moore v. State, 488 So.2d 27 (Ala.Cr.App. 1986); Marsh v.State, 418 So.2d 191 (1982); Wells v. Wells, 346 So.2d 442
(Ala.Civ.App.), cert. denied, Ex parte Wells, 346 So.2d 444
(Ala. 1977). In this instance, the appellant had failed to meet this burden; thus, the trial court was proper in not recusing itself.
Furthermore, "a motion to recuse must be addressed to the judge challenged, and his decision will not be reviewed on appeal in absence of clear evidence of bias." Slinker v. State,344 So.2d 1264 (Ala.Cr.App. 1977).
 VIII
The appellant asserts that the circuit court erred in failing to grant the appellant's motion for change of venue based on the prejudicial pre-trial publicity.
In this instance, eight newspaper articles were printed referring to this appellant as the "Big Foot Burglar." The appellant was also the son of a famous Alabama football player which also drew attention to this matter.
"Section 15-2-20, Code of Alabama 1975, states that a defendant is entitled to a change of venue to another county if he can show to the reasonable satisfaction of the trial court that a fair and impartial trial cannot be had in the county from which the indictment is found." Nelson v. State,440 So.2d 1130 (Ala.Cr.App. 1983). The appellant has the burden of proving that he could not receive an impartial trial in Walker County. Acoff v. State, 50 Ala. App. 206, *Page 813 278 So.2d 210 (1973); Robinson v. State, 430 So.2d 883
(Ala.Cr.App. 1983); Ex parte Magwood, 426 So.2d 929 (Ala.), cert. denied, Magwood v. Alabama, 462 U.S. 1124,103 S.Ct. 3097, 77 L.Ed.2d 1355 (1983). Furthermore, there must be a showing that pre-trial publicity resulted in actual prejudice to the defendant. Nelson v. State, supra; Speigner v. State,367 So.2d 590 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 597
(Ala. 1979).
In this cause, a hearing was held to determine if the appellant would be prejudiced by being tried in Walker County. The trial judge found that the appellant could receive a fair and impartial trial in Walker County and this court agrees with this finding. The determination of whether to grant or deny "a change of venue is left to the sound discretion of the trial court." Robinson v. State, supra; Turner v. State,410 So.2d 458 (Ala.Cr.App. 1981).
In this cause some 18 months had passed between the date of the burglary and the time of trial. See Acoff, supra.
In this cause only three jurors had even read the newspaper articles regarding this case. These three jurors were excused upon challenge for cause. The appellant claims that this was an abuse of the trial court's discretion, but this court finds that striking those three jurors in no way prejudiced this appellant.
This court finds that the appellant was not prejudiced by being tried in Walker County and that the trial court was correct in denying the appellant's motion for a change of venue.
We have carefully reviewed the record and find no error. This cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs in result only.