TYSON, Judge.
Michael Marlow was indicted for receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975, and burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. The jury found the appellant “guilty of receiving stolen property in the third degree and not guilty of burglary in the third degree.” The appellant was sentenced to 12 months in the Walker County Jail.
On January 8, 1986, two television sets, two stereos, two telephones and several *814 guns or rifles were stolen from the residence of Douglas Green, Sr. in Jasper, Alabama. One of the guns stolen was a .22 magnum Mossburg rifle.
George Pearce testified that on January 8, 1986, the appellant, Marlow, and Gary Price came to Pearce’s residence. Pearce received a rifle from this appellant which Pearce stated was similar to State’s exhibit one. The appellant did not indicate to Pearce that the rifle was stolen. Pearce sold the rifle for the appellant to Charles Nix for either $50 or $60.
Douglas Green, Sr., identified State’s exhibit one as the .22 magnum Mossburg rifle that was stolen from his home on the day in question. He estimated that the fair market value of the rifle was $200.
Charles Nix testified that he purchased a rifle from Pearce for $60.00. About three or four weeks later the police questioned him at his home about this rifle.
John Tirey, an investigator with the Walker County Sheriff’s Department, identified State’s exhibit one as the rifle he obtained from Nix’s residence.
I
The appellant asserts that the denial of his motion for a psychiatric examination was an abuse of discretion by the trial court.
This issue has already been decided adversely to this appellant by this court in its opinion in Marlow v. State, 538 So.2d 804 (Ala.Crim.App.1988) (Issue II); Blevins v. State, 516 So.2d 914 (Ala.Crim.App.1987).
II
The appellant also contends that he did not receive a fair trial because he had to wear leg irons throughout the trial of this case.
This issue has also been previously decided adversely to this appellant in Marlow, supra. (Issue YI).
III
The appellant challenges the sufficiency of the evidence in this cause.
Section 13A-8-16(a), Code of Alabama 1975 provides that:
“A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the prpperty is received, retained or disposed of with intent to restore it to the owner.” “Receiving stolen property which does not exceed $100.00 in value constitutes receiving stolen property in the third degree.”
Ala.Code § 13A-8-19(a) (1975).
The evidence presented by the State showed that the appellant had possession of the stolen rifle at issue on the day that same was stolen. The appellant gave the rifle to Pearce to sell for him. Pearce sold the rifle to Nix and gave the monetary proceeds from the rifle sale to this appellant. The rifle was recovered from Nix and was identified by Green to be the same rifle that was stolen from his home.
Evidence was presented that the fair market value of the rifle was $200 and that the rifle was sold by Pearce for either $50 or $60. Thus, there was conflicting evidence as to the value of the rifle. Any conflict as to the value of the rifle was a question for the jury under the evidence, which they properly decided. Olds v. State, 484 So.2d 517 (Ala.Crim.App.1985), cert. denied, 484 So.2d 517 (Ala.1986); Pearson v. State, 441 So.2d 993 (Ala.Crim.App.1983); See Lasley v. State, 418 So.2d 193 (Ala.Crim.App.1982).
Thus, we find there was sufficient evidence presented by the State to allow the jury to conclude that this appellant was guilty beyond a reasonable doubt. Cumbo v. State, 368 So.2d 871 (Ala.Crim.App.1978), writ denied, 368 So.2d 877 (Ala.1979).
We have carefully reviewed this record and find no error. The judgment below is, therefore, affirmed.
AFFIRMED.
All the Judges concur.